UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUVILLE J. SANDERSON,

       Petitioner,

v.                                     Case No:   2:11-cv-634-FtM-38CM

STATE OF FLORIDA and FLORIDA
ATTORNEY GENERAL,

       Respondents.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court upon periodic review of the file. Petitioner Louville J. Sanderson ("Petitioner" or "Defendant"), initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") on November 2, 2011.[2] Pursuant to the Court's Order to respond and show cause why the

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).  Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id.  If applicable, the Court  also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).  Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular

Petition should not be granted (Doc. #6), Respondent filed a Response (Doc. #7, Response) incorporating a motion to dismiss the Petition on the grounds that the Petition is time-barred pursuant to 28 U.S.C. § 2244(d).[3]  Respondent submits exhibits (Exhs. 1-

---

date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

[3]On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

6) in support of the Response.  See Appendix of Exhibits (Doc. #18).  Petitioner filed a Reply to the Response (Doc. #15, Reply) and attached supporting exhibits (Doc. #15-1). This matter is ripe for review.

Petitioner challenges his 2006 conviction of four counts of lewd and lascivious behavior on a victim under the age of 12 in violation of Florida Statutes § 800.04 and one count of sexual battery entered by the Twentieth Judicial Circuit Court, Lee County, Florida (case number 05-CF-014498).   Petition at 1; see also Exh. 001-A at 99-100, 149. Petitioner was sentenced to life on all counts.   Petition at 1; Exh. 001-A at 151. Petitioner's sentences and conviction were *per curiam* affirmed on direct appeal on **June 22, 2007.**  Exh. 001-E.  Consequently, Petitioner's state conviction became final on **Thursday, September 20, 2007.**  See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after entry of the judgment or order sought to be reviewed).[4]  This was after the April 24, 1996, effective date of the AEDPA.  Thus, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on **Saturday, September 20, 2008.**[5]  Consequently, the Petition

---

[4]A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review."   20 U.S.C. § 2244(d)(1)(A).   For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[5]Applying "anniversary date of the triggering event."  Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).   Because September 20, 2008 fell on a Saturday, the Court gives Petitioner the benefit of two additional days to file—on Monday, September 22, 2008.

filed in this Court on November 2, 2011, would be untimely, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period.

**Tolling of Federal Limitations Period**

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, Petitioner filed a state petition for writ of habeas corpus challenging appellate counsel's effectiveness on October 25, 2007. Exh. 002. Thirty-four **(34) days** lapsed between the date the conviction was final and Petitioner's filing of the state petition for writ of habeas corpus (September 21, 2007 until October 25, 2007). The state petition tolled the AEDPA clock until the court entered an order denying the petition on November 6, 2007. Petitioner's next motion that afforded him tolling was a Rule 3.850 motion, filed on May 27, 2008. Thus, **two hundred and two (202) days** (from November 7, 2007 until May 27, 2008) of untolled time elapsed. This Rule 3.850 motion tolled the AEDPA clock until it was denied on August 14, 2009. The August 14, 2009 order advised Petitioner that he had "30 days from the date the order was rendered" to file an appeal, consistent with Florida Rule of Criminal Procedure 3.850(i). Exh. 003.

Petitioner pursued an appeal. He presented a form entitled "notice of appeal" that contained no argument whatsoever to correctional officials for mailing on September 22, 2009. Petitioner then gave an appellate brief containing the arguments related to the notice of appeal to correctional officials for mailing on October 8, 2009. See Exh. 003. The appellate court dismissed Petitioner's appeal as untimely by order dated November 2, 2009. Id. Petitioner then filed a motion for a belated appeal on December 18, 2009,

which was denied on January 26, 2010. Exh. 006. Petitioner's untimely appeal and request for a belated appeal does not toll the AEDPA statute of limitations because it was not "properly filed" under Florida law. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2254(d)(2)."); Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000)(citing Webster v. Moore, 199 F.3d 1256, 1258-60 (11th Cir. 2000)(holding state motion was not properly filed if the state dismissed it as untimely).

Petitioner sought review from the Florida Supreme Court. The Florida Supreme Court refused to accept jurisdiction in an order issued on February 24, 2010. On May 22, 2010, Petitioner filed a Rule 3.800 (a) motion to correct an illegal sentence. An additional **twenty-six (26) days** elapsed between these two filings.

Because Petitioner's notice of appeal was dismissed as untimely and his motion for belated appeal was denied thereafter, these motions were not "properly" filed, allowing **126 days** of time toward the AEDPA deadline to elapse (August 14, 2009 until February 24, 2010). Altogether Petitioner allowed **388 days** (34 + 202 + 126 + 26) of untolled time to elapse. Thus, the instant Petition is subject to dismissal because it is untimely unless Petitioner is entitled to equitable tolling.

**Equitable Tolling**

AEDPA's statutory limitations period may be equitably tolled. Holland, 560 U.S. at 645. Equitable tolling applies only when a petitioner "demonstrates (1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable consequences." Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Johnson v. United States, 340 F.3d 1219, 1266

(11th Cir. 2003), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized that equitable tolling "is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004); see also Diaz v. Dep't of Corr., 362 F.3d 698, 700 (11th Cir. 2004)(finding "rare circumstances" merit a finding of equitable tolling). Here, Petitioner argues that the certificate of service shows the order denying his Rule 3.850 motion was not served until August 17, 2008—five days after the order was rendered. Reply at 2. Thus, he argues that his appeal was timely and the appellate court improperly dismissed it as untimely. Additionally, Petitioner faults the date assigned to his notice of appeal, asserting that the state clerk of court did not timely stamp the document when it was received. Id.

Petitioner cites no case law to support equitable tolling from the date affixed to the certificate of service. Both the order denying his Rule 3.850 and Florida Rule of Criminal Procedure 3.850(i) state that an appeal must be taken within thirty days from the date the order is rendered. Even if Petitioner could garner an additional five days using the date affixed on the certificate of service, Petitioner did not file his blank notice of appeal form until September 22, 2008, and his appellate brief until October 8, 2008—both dates in excess of the thirty day time limitation from August 17, 2008 (the date affixed to the certificate of service). Additionally, Petitioner's argument placing blame on the Clerk of Court's date stamp on his notice of appeal is refuted by the record. A review of the form entitled "notice of appeal" clearly shows a stamp from correctional officials showing it was presented to them for mailing on September 22, 2008. Additionally, Petitioner's appellate brief that contained the argument he wished to raise on appeal was given to correctional officials for mailing on October 8, 2008.

Consequently, the Court finds that the instant Petition is untimely and does not find Petitioner has demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

ACCORDINGLY, it is hereby

**ORDERED**:

1.  The Petition is **DISMISSED** with prejudice as untimely.

2.  The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of October, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record